# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2021-0142, <u>Thomas S. Wood & a. v. Town of Raymond</u>, the court on March 16, 2022, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The plaintiffs, Thomas S. Wood and Donna A. Wood, appeal an order of the Superior Court (<u>Honigberg</u>, J.) dismissing their petition for declaratory judgment against the defendant, Town of Raymond (Town), for failure to state a claim. The court ruled that an "Agreement and Release" (Agreement) recorded with the plaintiffs' deed barred them from bringing their petition. We vacate and remand.

I. Background

The following facts are taken from the plaintiffs' petition, which we accept as true. <u>See</u> <u>Buckingham v. R.J. Reynolds Tobacco Co.</u>, 142 N.H. 822, 825 (1998) (explaining that in reviewing a motion to dismiss for failure to state a claim upon which relief may be granted, we assume the truth of the facts alleged in the plaintiffs' pleadings and construe all reasonable inferences in the light most favorable to them). The plaintiffs live on Audette Road in Raymond in a residence they purchased in July 1998. In October 2020, they brought a petition for declaratory judgment seeking a declaration that Audette Road is a Class V highway based on prescription, or express and/or implied dedication and acceptance. The plaintiffs' petition alleges that: Audette Road appears on both the Town's and the New Hampshire Department of Transportation's maps as a Class V highway; the Town allocates and spends town funds on the maintenance and repair of Audette Road; the Town receives State funds for the maintenance and repair of Audette Road as a Class V highway; the maintenance and repair of Audette Road has been exclusively paid for by public funds and performed by the Town from 1977 through June of 1990; and from the 1980s to 2019, the Town "consistently performed year-round maintenance of, repairs to, and/or improvements to Audette Road, particularly with regard to plowing snow, applying sand and/or salt, culvert maintenance and replacement, surface runoff water draining matters, grading, clearing of downed trees, repair of potholes, and the like."

The Town moved to dismiss for failure to state a claim, asserting that the Agreement "constitutes an absolute extinguishment of any cause of action

related to maintenance of Audette Road or the status of Audette Road." The trial court agreed, determining that the plaintiffs "are bound by the terms" of the Agreement and "are barred from bringing a claim that is contrary to that agreement." Accordingly, the court granted the Town's motion and dismissed the case. The trial court subsequently denied the plaintiffs' motion for reconsideration. This appeal followed.

II. Analysis

On appeal, the plaintiffs argue that the trial court erred as a matter of law by dismissing their case based on the Agreement. The interpretation of a written agreement is a question of law which we review de novo. Gen. Linen Servs. v. Franconia Inv. Assocs., 150 N.H. 595, 597 (2004). When interpreting a written agreement, we give the language used by the parties its reasonable meaning, considering the circumstances and context in which the agreement was negotiated, when reading the document as a whole. Id. Absent ambiguity, the parties' intent will be determined from the plain meaning of the language used. Id.

The Agreement was originally entered into in June 1988 between Flora Audette, the plaintiffs' predecessor in title, and the Town. At that time, Flora sought a building permit to construct a residence on land she owned on Audette Road. The Agreement identified Audette Road as "a private road." The Town agreed that it would "issue a building permit for the construction of a single family residence" on the property but that it "neither assume[d] responsibility for maintenance, including snow plowing, nor liability for any damages resulting from the use of Audette Road." Flora agreed "on behalf of herself, her heirs, legal representatives, successors and assigns," that she "shall be responsible for maintaining access to the subject property" and "forever release[d] and discharge[d] the TOWN . . . from the obligation of maintaining Audette Road."

The Town argues that, because Audette Road was deemed a private road, the Agreement was "explicitly required by RSA 674:41." We note, however, that the version of RSA 674:41 in effect in 1988 only required such agreements to construct a building on a "class VI highway." RSA 674:41, I(c) (1986). It was not until 2002 that the statute also required such agreements to construct a building on a "private road." RSA 674:41, I(d) (Supp. 2002).

Nonetheless, we disagree with the Town that the language in the Agreement bars the plaintiffs "from now claiming that Audette Road is not a private road but a Town-owned road." The plain language of the Agreement releases the Town from maintaining a private road. However, there is no language in the Agreement that precludes the plaintiffs' claim that, due to the actions of the Town over the subsequent decades, the status of Audette Road has changed. Thus, we conclude that the trial court erred, as a matter of law,

in dismissing the plaintiffs' petition for declaratory judgment on grounds that the Agreement bars the plaintiffs' action. We express no opinion on the merits of the plaintiffs' petition in the first instance. Accordingly, we remand for further proceedings consistent with this opinion.

Vacated and remanded.

MACDONALD, C.J., and HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,
Clerk**